```
                                                                    FILED
                                                                    11/30/20 4:37 pm
                                                                    CLERK
        IN THE UNITED STATES BANKRUPTCY COURT                       U.S. BANKRUPTCY
        FOR THE WESTERN DISTRICT OF PENNSYLVANIA                    COURT - WDPA
```

IN RE:

DEBORAH J. FULLER : Bankruptcy Case No. 19-10599-TPA
: Chapter 13
*Debtor(s)* :

## PLAN CONFIRMATION ORDER

*A*  It is hereby **ORDERED** that with the consent of the Debtor(s), the Chapter 13 Plan dated July 24, 2020, except as modified herein as checked below, is **CONFIRMED** in accord with *11 USC 1325*. On the effective date of this Order, the Chapter 13 Trustee shall pay administrative, secured and priority creditors identified in the Plan. General unsecured creditors will not receive distributions at least until the government bar date has passed and the Chapter 13 Trustee has submitted a *Notice of Intention to Pay Claims* to the Court. Confirmation of this Plan pursuant to this Order is without prejudice to reconsideration following a status conference held by the Chapter 13 Trustee to gauge the progress of Plan implementation which **Status Conference** is scheduled for *N/A remotely by the Trustee via Zoom, how to participate: goto www.ch13pitt.com, meetings@chapter13trusteewdpa.com*, (which may, upon agreement of the Parties, be continued from time to time *provided however* that following the 3rd continuance, the matter shall be set for hearing before the Court), following which time the Plan may be modified to the satisfaction of all Parties after notice and hearing before the Court, or the status conference may be marked closed by the Chapter 13 Trustee.

☐  **1.**  For the remainder of the Plan term, the periodic Plan payment is to be _____ as of _____. Debtor(s)' counsel shall file a motion to amend the income attachment order within seven (7) days of the date of this Order.

☐  **2.**  The length of the Plan is increased to a total of __ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐  **3.**  _____ shall be paid monthly payments of $_____ beginning with the Trustee's _____ distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the third distribution level.

☐  **4.**  The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the Debtor(s) successfully objects to the claim:
Claimant:_____ Claim #:_____
Claimant:_____ Claim #:_____
Claimant:_____ Claim #:_____

X  **5.**  Additional Terms:
(a) The secured claim(s) of the following creditor(s) shall govern, and then following all allowed post-petition payment change notices filed of record: Home Investment Fund (Clm. 9)

(b) The $2010 plan payment in this Order ("Debtor Calc") is less than the amount calculated by the Trustee to complete the plan in the remaining plan term. Debtor Counsel has insisted Trustee use Debtor Calc. Trustee is willing to recommend confirmation utilizing Debtor Calc, under the specific and unique circumstances of this case, subject to the following understanding : (a) Debtor and Debtor counsel are primarily responsible for ensuring that the plan is adequately funded and the Trustee calculations are provided as a courtesy and convenience (so Trustee is willing to defer to Debtor under the unique circumstances of this case); (b) Debtor and Debtor counsel, having been warned of the probability the plan is underfunded accept the risk and consequences that it is; and (c) Trustee will seek dismissal

    at plan term end if the plan proves, as she suspects, to have been underfunded and may cite to this provision and Debtor's assumption of the risk of probable underfunding in support of dismissal.

X  **6.**  The Confirmation Order dated October 8, 2020, Doc. 51 is ***VACATED***.

***B***  ***IT IS FURTHER ORDERED THAT THE FOLLOWING DEADLINES ARE ESTABLISHED***:

  **1.**  **Objections to the Plan:** This Order is effective as of the date indicated below. Pursuant to *Fed.R.Bankr.P. 2002(b)(3)*, any party in interest with an objection to any provision of this Confirmation Order must file a written objection within the twenty-eight (28) day period following entry of this Order. Failure to timely object shall be deemed a waiver of all objections and an acceptance of the provisions of this Confirmed Plan. The Trustee may only disburse funds pursuant to this Confirmation Order upon expiration of the foregoing twenty-eight (28) day period.

  **2.**  **Applications to retain brokers, sales agents, or other professionals.** If the Plan contemplates sales of assets or litigation proceeds as a source of funding, Debtor shall file motion(s) to employ the necessary professionals within thirty (30) days hereof.

  **3.**  **Review of Claims Docket and Objections to Claims.** Pursuant to *LBR 3021-1(c)(2)*, the Debtor or Debtor's attorney, if represented, shall review all proofs of claim filed and shall file objections to any disputed claims within ninety (90) days after the claims bar date or, for late filed or amended claims, within ninety (90) days after they are filed and served. Absent an objection, the proof of claim will govern as to the classification and amount of the claim. Objections filed after the ninety (90) days specified herein shall be deemed untimely..

  **4.**  **Motions or Complaints Pursuant to §§506, 507, or 522.** All actions to determine the priority, avoidability, or extent of liens, all actions pursuant to *11 U.S.C. §§506, 507* and *522* shall be filed within ninety (90) days after the claims bar date.

  **5.**  **Filing Amended Plans.** Within fourteen (14) days after the Bankruptcy Court resolves the priority, avoidability, or extent of a lien, or any objection to claim, the Debtor(s) shall file an amended Plan to provide for the allowed amount of the claim if the allowed amount differs from the amount stated in the Plan. Debtor(s) shall also file an amended Plan within thirty (30) days after the claims bar date(s) in the event that no objection is filed and the claim(s) as filed causes the Plan to be underfunded.

***C***  ***IT IS FURTHER ORDERED THAT:***

  **1.**  Plan terms are subject to the resolution of: timely but yet to be filed claims including government claims; all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under *11 U.S.C. §506*, disputes over the amount and allowance of claims entitled to priority under *11 U.S.C. §507*, and all objections to claims.

  **2**.  Following payment of allowed secured and priority claims the allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the Plan.

  **3.**  After the claims objection deadline, the Plan shall be deemed amended to conform to the claims filed or otherwise allowed. If the Plan expressly modified the terms of payment to any creditor pursuant to *11 U.S.C. §1322(b)(2)*, nothing in this Order shall be construed to change the payment terms established in the Plan.

  **4.**  Any creditor who files or amends a proof of claim shall serve a copy on the Debtor(s) or counsel for the Debtor(s).

5. Any creditor whose payment changes due to variable interest rates, change in escrow, or change in monthly payments, shall notify the Trustee, Debtor(s)' Counsel and Debtor*(s)* at least twenty-one (21) days prior to the change taking effect.

6. Debtor's counsel must file a fee application in accordance with *W.PA.LBR 2016-1* before attorney fees in excess of the "no look" provision (including retainer) will be allowed or paid.

7. The Trustee shall file a *Certificate of Default and Request for Dismissal* of the case in the event of a material Plan default. If the default involves failure to make a plan payment the case will result in dismissal without further hearing upon filing and service of an *Affidavit of Default* by the Trustee. The Trustee is not precluded from raising preconfirmation defaults in any subsequent motion to dismiss.

8. In the event that any order is entered in this case granting relief from the automatic stay to a secured creditor, then the Trustee shall make no further disbursements to any creditor on account of any secured claim that is secured by the subject property, unless directed otherwise by further Order of Court.

Dated:  November 30, 2020
(Effective Date)

Thomas P. Agresti                    jlm
United States Bankruptcy Judge

cc: All Parties in interest to be served by Clerk in seven (7) days

United States Bankruptcy Court

Western District of Pennsylvania

In re:  
Deborah J. Fuller  
    Debtor(s)

Case No. 19-10599-TPA  
Chapter 13

# CERTIFICATE OF NOTICE

District/off: 0315-1     User: jmar     Page 1 of 3  
Date Rcvd: Nov 30, 2020     Form ID: pdf900     Total Noticed: 28

The following symbols are used throughout this certificate:  
**Symbol**     **Definition**

\+     Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP.

++     Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4).

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Dec 02, 2020:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Deborah J. Fuller, 10297 High St, Albion, PA 16401-9452 |
| cr | + | Dep't of Revenue Office of Attorney General, Anthony T. Kovalchick, 1251 Waterfront Place, Mezzanine Level, Pittsburgh, PA 15222-4227 |
| 15068926 | + | ACL, 1526 Peach Street, Erie, PA 16501-2110 |
| 15068927 | + | Aes/fortis, Attn: Bankruptcy, Po Box 2461, Harrisburg, PA 17105-2461 |
| 15078003 | + | COLLEGE ASSIST, PO BOX 16358, ST PAUL, MN 55116-0358 |
| 15068930 | + | Collection Service Center, Inc., Attn: Bankruptcy, Po Box 560, New Kensington, PA 15068-0560 |
| 15068931 | + | Conduent/Front Range Bank, Attn: Claims Department, Po Box 7051, Utica, NY 13504-7051 |
| 15068932 | | David J. Apothaker, Esquire, Apothaker Scian P.C., 520 Fellowship Rd, Ste C306, PO Box 5496, Mount Laurel, NJ 08054-5496 |
| 15068934 | | Erie County Tax Claim Bureau, 140 W 6th Street #110, Erie, PA 16501-1073 |
| 15068936 | + | Home Investment Fund V, LP, 323 5th Street, PO Box 35, Eureka, CA 95502-0035 |
| 15068938 | + | KML Law Group, P.C., Attn. Rebecca A. Solarz, Esquire, Suite 5000 BNY Mellon Independence Ctr, 701 Market Street, Philadelphia, PA 19106-1538 |
| 15068941 | + | Plain Green Loans, Attn: Bankruptcy, 1900 Frost Rd Ste 100, Bristol, PA 19007-1519 |
| 15068943 | + | St. Vincent Hospital, 232 W 25th St, Erie, PA 16544-0001 |
| 15104345 | | UPMC Physician Services, PO Box 1123, Minneapolis, MN 55440-1123 |

TOTAL: 14

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**  
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 15076434 | | Email/PDF: resurgentbknotifications@resurgent.com | Dec 01 2020 03:33:18 | CACH, LLC, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 15068928 | + | Email/Text: bankruptcy@cavps.com | Dec 01 2020 03:11:00 | Cavalry Portfolio Services, Attn: Bankruptcy Department, 500 Summit Lake Ste 400, Valhalla, NY 10595-2322 |
| 15091806 | + | Email/Text: bankruptcy@cavps.com | Dec 01 2020 03:11:00 | Cavalry SPV I, LLC, 500 Summit Lake Drive, Ste 400, Valhalla, NY 10595-2321 |
| 15068933 | + | Email/Text: electronicbkydocs@nelnet.net | Dec 01 2020 03:11:00 | Department of Education/Nelnet, Attn: Claims, Po Box 82505, Lincoln, NE 68501-2505 |
| 15068935 | | Email/Text: jill@ffcc.com | Dec 01 2020 03:10:00 | First Federal Credit Control, Attn: Bankruptcy, 24700 Chagrin Blvd, Ste 205, Cleveland, OH 44122 |
| 15108555 | + | Email/Text: bknotices@snsc.com | Dec 01 2020 03:12:00 | Home Investment Fund V, LP, c/o SN Servicing Corporation, 323 5th Street, Eureka, CA 95501-0305 |
| 15068937 | + | Email/Text: sbse.cio.bnc.mail@irs.gov | Dec 01 2020 03:10:00 | Internal Revenue Service, Centralized Insolvency Operation, PO Box 7346, Philadelphia, PA 19101-7346 |
| 15068929 | | Email/PDF: ais.chase.ebn@americaninfosource.com | Dec 01 2020 03:33:10 | Chase Card Services, Attn: Bankruptcy, Po Box 15298, Wilmington, DE 19850 |
| 15068939 | + | Email/Text: bankruptcydpt@mcmcg.com | Dec 01 2020 03:11:00 | Midland Funding, 2365 Northside Dr Ste 300, San |

Case 19-10599-TPA   Doc 57   Filed 12/02/20   Entered 12/03/20 00:41:20   Desc Imaged
Certificate of Notice   Page 5 of 6

| District/off: 0315-1 | User: jmar | Page 2 of 3 |
|---|---|---|
| Date Rcvd: Nov 30, 2020 | Form ID: pdf900 | Total Noticed: 28 |

| Recip ID | | Notice Method | Date | Name and Address |
|---|---|---|---|---|
| | | | | Diego, CA 92108-2709 |
| 15068940 | | Email/Text: RVSVCBICNOTICE1@state.pa.us | Dec 01 2020 03:11:00 | PA Department of Revenue, Bankruptcy Division, PO Box 280946, Harrisburg, PA 17128-0946 |
| 15071390 | + | Email/Text: RVSVCBICNOTICE1@state.pa.us | Dec 01 2020 03:11:00 | Pennsylvania Department of Revenue, Bankruptcy Division PO BOX 280946, Harrisburg, PA 17128-0946 |
| 15068942 | + | Email/PDF: resurgentbknotifications@resurgent.com | Dec 01 2020 03:33:18 | Resurgent Capital Services, Po Box 10587, Greenville, SC 29603-0587 |
| 15068944 | + | Email/Text: BankruptcyNotice@upmc.edu | Dec 01 2020 03:11:00 | UPMC Hamot, 201 State Street, Erie, PA 16550-0001 |
| 15074882 | + | Email/Text: electronicbkydocs@nelnet.net | Dec 01 2020 03:11:00 | US Department of Education c/o Nelnet, 121 S 13th St, Suite 201, Lincoln, NE 68508-1911 |

TOTAL: 14

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | HOME INVESTMENT FUND V, LP |
| 15068945 | *+ | ACL, 1526 Peach Street, Erie, PA 16501-2110 |
| 15068946 | *+ | Aes/fortis, Attn: Bankruptcy, Po Box 2461, Harrisburg, PA 17105-2461 |
| 15068947 | *+ | Cavalry Portfolio Services, Attn: Bankruptcy Department, 500 Summit Lake Ste 400, Valhalla, NY 10595-2322 |
| 15068949 | *+ | Collection Service Center, Inc., Attn: Bankruptcy, Po Box 560, New Kensington, PA 15068-0560 |
| 15068950 | *+ | Conduent/Front Range Bank, Attn: Claims Department, Po Box 7051, Utica, NY 13504-7051 |
| 15068951 | * | David J. Apothaker, Esquire, Apothaker Scian P.C., 520 Fellowship Rd, Ste C306, PO Box 5496, Mount Laurel, NJ 08054-5496 |
| 15068952 | *+ | Department of Education/Nelnet, Attn: Claims, Po Box 82505, Lincoln, NE 68501-2505 |
| 15068953 | * | Erie County Tax Claim Bureau, 140 W 6th Street #110, Erie, PA 16501-1073 |
| 15068954 | *P++ | FIRST FEDERAL CREDIT CONTROL INC, 24700 CHAGRIN BLVD, SUITE 205, BEACHWOOD OH 44122-5662, address filed with court:, First Federal Credit Control, Attn: Bankruptcy, 24700 Chagrin Blvd, Ste 205, Cleveland, OH 44122 |
| 15068955 | *+ | Home Investment Fund V, LP, 323 5th Street, PO Box 35, Eureka, CA 95502-0035 |
| 15068956 | *+ | Internal Revenue Service, Centralized Insolvency Operation, PO Box 7346, Philadelphia, PA 19101-7346 |
| 15068948 | *P++ | JPMORGAN CHASE BANK N A, BANKRUPTCY MAIL INTAKE TEAM, 700 KANSAS LANE FLOOR 01, MONROE LA 71203-4774, address filed with court:, Chase Card Services, Attn: Bankruptcy, Po Box 15298, Wilmington, DE 19850 |
| 15068957 | *+ | KML Law Group, P.C., Attn. Rebecca A. Solarz, Esquire, Suite 5000 BNY Mellon Independence Ctr, 701 Market Street, Philadelphia, PA 19106-1538 |
| 15068958 | *+ | Midland Funding, 2365 Northside Dr Ste 300, San Diego, CA 92108-2709 |
| 15068959 | * | PA Department of Revenue, Bankruptcy Division, PO Box 280946, Harrisburg, PA 17128-0946 |
| 15068960 | *+ | Plain Green Loans, Attn: Bankruptcy, 1900 Frost Rd Ste 100, Bristol, PA 19007-1519 |
| 15068961 | *+ | Resurgent Capital Services, Po Box 10587, Greenville, SC 29603-0587 |
| 15068962 | *+ | St. Vincent Hospital, 232 W 25th St, Erie, PA 16544-0001 |
| 15068963 | *+ | UPMC Hamot, 201 State Street, Erie, PA 16550-0001 |

TOTAL: 1 Undeliverable, 19 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309):** Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.

Date: Dec 02, 2020          Signature:          /s/Joseph Speetjens

District/off: 0315-1 | User: jmar | Page 3 of 3
Date Rcvd: Nov 30, 2020 | Form ID: pdf900 | Total Noticed: 28

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on November 30, 2020 at the address(es) listed below:**

**Name**     **Email Address**

Anthony T. Kovalchick
on behalf of Creditor Dep't of Revenue Office of Attorney General akovalchick@attorneygeneral.gov

Brian Nicholas
on behalf of Creditor HOME INVESTMENT FUND V  LP bnicholas@kmllawgroup.com

Office of the United States Trustee
ustpregion03.pi.ecf@usdoj.gov

Rebeka Seelinger
on behalf of Debtor Deborah J. Fuller rebeka@seelingerlaw.com

Richard J. Bedford
on behalf of Debtor Deborah J. Fuller richard@seelingerlaw.com  rjb8181@gmail.com

Ronda J. Winnecour
cmecf@chapter13trusteewdpa.com

TOTAL: 6